ROBERT RAND and DANIEL RAND *against* THE PROPRIE-
TORS OF THE UPPER LOCKS and CANALS ON CON-
NECTICUT RIVER.

WRIT of error.

This was a suit by the *Rands*, declaring, that the de-
fendants were incorporated, by the legislature of *Massa-
chusetts*, for the purpose of rendering *Connecticut River*
navigable in a part of that state, by means of locks and
canals; claiming for damages done them by the loss of
a raft in passing through the locks, &c. of the defend-
ants.

The writ commanded the sheriff " to summon *James
Bull*, one of the principal proprietors and directors of
*The Upper Locks and Canals on Connecticut River*, in the
county of *Hampshire*, and state of *Massachusetts*, and
the proprietors of *The Upper Locks and Canals on Con-
necticut River*, in the county of *Hampshire*, to answer,"
&c. In the county court, the *corporation* pleaded in
abatement for the want of service. In the superior
court, *James Bull* pleaded in abatement, that no service
was made upon the corporation but by leaving a copy
with *James Bull*, of *Hartford*, in this state: that the
corporation is established only within the jurisdiction
of *Massachusetts*, and not within the jurisdiction of our
courts, and no process under our law can be served
upon them, but the corporation is suable, and ought to
have been sued, before the court of common pleas, or
general sessions, in the county of *Hampshire*, and state
of *Massachusetts:* and that no legal notice to appear
and defend in this suit had been given to said corpora-
tion.

VOL. III. 3 L

*Margin note:* Serving a summons on any private in-dividual of a corporation is not sufficient notice to hold the corpora-tion to trial. And *the individual* summoned may plead the want of notice to the corpora-tion.

June, 1809.

RAND
v
PROPRIE-
TORS, OF &c.

The plaintiffs replied, and recited a law of the state of *Massachusetts*, entitled " An act for the better managing lands, wharves, and other real estate, lying in common," whereby the copy of the writ left with the clerk, or one or more of the principal inhabitants, or proprietors, is made sufficient notice to any town, precincts, parish, village, or proprietor of any common or undivided lands, or other estate : and averring, that there is no other law in that state relative to the service of writs upon corporations ; and by those laws, there is no local existence prescribed to the corporation, (reciting part of the act of incorporation,) and that no law of that state required, that any member, officer, or proprietor of the corporation should reside within that state; or that any corporate act should be done there, and had prescribed no court, at which only the corporation should be sued, and are entirely silent (unless by implication) as to suits of this kind against them: and further averring, that the corporation, by their charter, are not bound to have any common property, or corporate funds, (except the locks and canals,) and although empowered to hold real estate, are not empowered to raise money, except to erect and complete the works and canals: and averring, that the corporation were within the jurisdiction of this court. The existence of the corporation in *Massachusetts* only was then traversed.

To this replication there was a special demurrer,

1. Because, under the form of a traverse, the plaintiffs have denied a negative averment in the plea, *viz.* that the corporation exists only within the jurisdiction of the state of *Massachusetts.*

2. That, under the form of a traverse, the plaintiffs have denied a mere inference of law from the facts before alleged in the plea.

3. That neither in the traverse, nor inducement thereto, is any matter of fact contained, on which issue could be joined.

The superior court adjudged the replication insufficient: upon which the plaintiffs brought this writ of error.

*Daggett* and *Hosmer*, for the plaintiffs.

The notice given was sufficient. A copy was left with a principal proprietor and a director. The states of *Massachusetts* and *Connecticut* have both directed the service of suits upon corporations; and although these statutes do not literally extend to all corporations, yet, by analogy, the same service may be made. Our statute does not prescribe the mode of service upon a bank; but the court will, doubtless, recognise the service prescribed in suits against other corporations. Not only by the laws of *Massachusetts*, but upon general principles, the service is good; for *lex neminem cogit ad impossibilia;* and no other service could be made but this. And indeed, by the plea, it does not appear that there is in *Massachusetts* a single member of this corporation, or that any other service could be made there, than has been made here. But if the service has not been made according to any existing statute, and in fact there is no statute upon the subject, the court will only look to see if reasonable notice is given; as was done by the court of the *United States* in the case of *Chisholm, Executor,* v. *State of Georgia,* 2 *Dal.* 419. and if reasonable notice has not been given, will continue the case, and direct notice. 3 *Dal.* 335. The courts of the *United States* have no more authority as to prescribing notice than our courts have.

But it is said, the corporation can be sued only in the

June, 1809. state of *Massachusetts.* The plea does not show the
possibility of a suit in that state. It ought to show what
courts have jurisdiction, and how they have jurisdiction,
and in what manner service can be made, so that the
plaintiffs might be enabled to proceed upon safe ground.
Every plea to the jurisdiction must show a better and
more sufficient jurisdiction. *Mostyn* v. *Fabrigas*, *Cowp.*
173. 181.

RAND
v.
PROPRIE-
TORS OF, &c.

Again, the corporation have no local existence; and it
does not appear, that any individual of it resides in
*Massachusetts.* But if the defendants had a local exist-
ence there, they may, notwithstanding, be sued here, as
well as an individual of that state. The action is *tran-
sitory,* and either person or property will give jurisdic-
tion to the court; and the property of *Bull* is liable.
*Harvey* v. *East-India Company*, 2 *Vern.* 396. 6 *Vin. Abr.*
310. So, if a suit is brought against a town, society,
bank, city, &c. the property of the individual inhabitants
and stockholders must be liable on the execution. Cor-
porations constituted by another state may bring suits in
this state; and Judge *Paterson* decided, that they
might be sued in a state where they were not incor-
porated.

It is not by the plea denied, that the defendants have
property in this state, upon which the execution may be
levied. But were it otherwise, and the plaintiffs could
not derive the benefit from the judgment that they ex-
pect, this can be no reason why the court should refuse
to give them a judgment. When the national court
were asked, what could be done with an execution
against a state, it did not prevent them from granting
it; but the court said, it would be time enough to decide
it, when the difficulty came before them. And surely,
if the defendants are duly notified, it is improper to in-
quire what benefit will result from the judgment.

But the facts relative to the service are not before the court. The court can take no notice of the facts stated in the plea. The plea which was before the county court is waived: and *James Bull* now appears as a *natural person*, and pleads to a suit brought against a *civil person*.

June, 1809.

RAND
v.
PROPRIE-
TORS OF, &c.

It is therefore a mere nullity. The *defendants* have made no answer to the declaration; and if any objections could have been made to the notice, they must be considered as abandoned.

*Dwight*, for the defendants.

It is said, the court are not bound to notice the plea, because it is the plea of *James Bull* only, in his individual capacity. But *James Bull* having been summoned, it is certainly proper for him to inform the court of the irregularity of the proceedings against him, especially as those proceedings might seriously affect his property. And he could plead in no other way. ' An individual member of a corporation cannot use the corporate name and seal, and thus constitute an attorney for the corporation.

The facts thus disclosed show, that no legal notice has been given. The notice given is certainly not such as is required by the common law. In *England*, there is no mode to compel a corporation to appear by a process against the individual members. 1 *Kyd on Corp.* 272. 1 *Tidd's Prac.* 209. *Mills's* case, *T. Raym.* 152. But the process must be against the property of the corporation. *Rex* v. *Gardener, Cowp.* 85. *Rex* v. *Windham, Cowp.* 377. *London* v. *Lynn*, 1 *H. Bl.* 209. 5 *Com. Dig.* 569. And if the corporation has neither lands, nor goods, there is no way to compel an appearance, except by the authority of parliament.

Service has not been made in conformity to our statute, (which was made nearly a century before this corporation existed,) for no copy has been left with the clerk, selectmen, or committee-man, as is directed in the cases provided for by that statute. Because this service is not consonant to the statute, nor common law, the statute of *Massachusetts* is interposed. Without inquiring whether this service is in pursuance of that statute, it is enough to say, that the statute of one state can never be admitted to direct the service of process in another. It is required by no principles of comity, and is repugnant to every idea of independence. As well might an officer of that state be permitted to execute process in this, as to admit that an officer of this state is to be directed as to the manner of serving that process by the laws of another state. *Pearsall* v. *Dwight*, 2 *Mass. T. R.* 84. *Lodge* v. *Phelps*, 1 *Johns. Cas.* 139.

But a corporation cannot be sued out of the state which constituted it. There is the property of the corporation. It cannot hold lands in another state, unless by comity. And if, as has been shown, judgment can go only against the property of the corporation, there is surely no necessity to go out of the state which created it. Where there is no corporate property, a judgment is utterly unavailing, and cannot be enforced, any more than a judgment against an individual in a foreign country having no property here. And the court will not employ themselves in rendering a judgment which must be entirely nugatory.

But it seems to be claimed, that the property of each individual stockholder is liable. This certainly is contrary to the principles of the common law; and would be productive of the most dreadful consequences. Upon this principle, every individual, who owned a share in the *Gloucester Bank*, (if found in this state,) might be

loaded with the immense debt of that institution; and no member of a town or society could travel in another state without being liable to process for any claims which individuals might make against such town or society. Before our courts proceed upon principles attended with such consequences, they surely will require the party claiming to establish them to show that part of the act of incorporation, which subjects the defendants to such penalties.

BY THE COURT. In this case, the writ and process has been no otherwise served than by leaving a copy thereof at the usual place of abode of *James Bull*, of *Hartford*, in *Connecticut*, who is described therein as one of the principal proprietors, and one of the directors of the corporate body.

Serving a summons upon any private individual of a corporation is not due and legal notice to the corporate body.

Judgment affirmed.