JAMES FOSTER, Defendant in Error, v. WHITE CLOUD CITY COMPANY, Plaintiff in Error.

*Corporation—Entries—Evidence.*—Where the defendant, sued as a corporation, pleaded that it had organized under the acts of incorporation, the book of entries containing the articles of the association signed by the associates, and the record of the proceedings, was properly admitted in evidence to prove the actual organization of the corporation.

*Error to Holt Circuit Court.*

*Ensworth*, for plaintiff in error.

At the trial of this cause, the respondent offered in evidence the records of the White Cloud City Association, all made prior to the charter of the White Cloud City Company, the charter having been approved February 11, 1858, and record and articles of association made from May 11, 1857, to February, 1858, which was objected to by the defendant as irrelevant and incompetent; which objections were overruled; which opinion was clearly erroneous. The evidence should not have been permitted to go to the jury. The company had not at the making of said record any existence.

There is no evidence showing that the corporation was duly organized, and this question was erroneously taken from the jury by the instructions given on the part of the respondent.

*H. M. & A. H. Vories*, for respondent.

The evidence was all properly admitted. The books were proved to be the books of the company, and the entries in the books were read to show that the company had been organized as an association and as a corporation; and a great many of the entries were read for the purpose of showing that the stockholders were present and assenting to what was done. The division of the lots among the members, and the different members receiving their deeds therefor, was read for this purpose, and to show that they all recognized Bailey as their president, and all of the directors who acted with him.

The entries also showed the authority of Bailey to execute

the note sued on.   After the authority of Bailey, the president of the company, to execute the note had been proved, the court permitted the note to be read to the jury, and instructed the jury that it was *prima facie* evidence of the plaintiff's right to recover.   This was right.   As the plaintiff had adduced sufficient evidence to the court to authorize the court to let the note be read to the jury, it was right to instruct them that it was *prima facie* evidence of plaintiff's right to recover.

As to the books of the corporation being properly admitted, see 1 Starkey by Sharwood, and notes, p. 309, and authorities cited; also, Greenl. Ev.

BATES, Judge, delivered the opinion of the court.

The petition contains two counts—the first upon a note made by the defendant to the plaintiff, and the second upon an accounting between the parties and order of the company that the note should be executed, and its execution by the president of the company.   The defendant appeared, and by answer denied that at the time of the execution of the note it was a body politic and organized and incorporated.   It admits the passage of the acts of incorporation, but denies that even at the time of the answer the corporation had ever organized under them.   It admits the execution of the note by Osias Bailey, but denies that he was president of the company, or had any authority to execute the note.   It denies the accounting with the plaintiff, and denies any indebtedness to the plaintiff, who is charged by the answer with being a member of the company.

It is a little strange that the defendant, which by this answer denies its own existence, should yet appear to the action and cause its answer to be signed by its attorneys and sworn to by its agent.   Possibly this may be accounted for by the fact that the company appears to have been formed and incorporated for the purpose of speculating in the lots of a city which it proposed to create in the Territory of Kansas.

The only questions that arise are upon the admission of

testimony given by the plaintiff. It appears that an association of individuals, who afterwards procured charters from the State of Missouri and the Territory of Kansas, was formed. The plaintiff having given in evidence the acts of incorporation, offered in evidence entries made in a book which was proved to contain the articles of association signed by the associates, and a record of their proceedings, including acceptance of the charters and organization thereunder, and an order allowing the plaintiff's demand, and directing the note in question to be executed to him. The defendant objected to this testimony as incompetent and irrelevant; but its objection was overruled. We think the testimony was properly admitted. Though a great many of the entries in the book had no apparent connection with the matter in hand, yet, under the issues made by the defendant, the whole was proper to show the actual and effectual organization of the company. The defendant had denied its organization, and no better evidence could be given. No error appears in the record.

Judgment affirmed. Judges Bay and Dryden concur.