## Case No. 5,099.

### FRENCH v. FIRST NAT. BANK.

[7 Ben. 488; [1] 11 N. B. R. 189.]

District Court, S. D. New York.   Nov., 1874.

S. L. Gardner, for plaintiff.

Peabody & Baker, for defendant.

BLATCHFORD, District Judge. The defendant is a corporation, and is the sole defendant. The bill prays for relief, and avers facts which lay a foundation for a discovery, and prays a discovery. A corporation must answer a bill under its common seal, and not on oath. This is well settled. Bronson v. La Crosse R. Co., 2 Wall. [69 U. S.] 283, 302. The bill in this case prays that the corporation "may, upon the several and respective corporal oaths of its proper officers, agents and servants, according to the best and utmost of their several and respective knowledge, remembrance, information and belief," answer "such of the several interrogatories hereinafter mentioned and set forth, as by the note hereunder written they are respectively required to answer." The note appended to the bill does not require the defendant to answer any of the interrogatories, but says: "The president

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

and cashier of the defendant, and its agent, surnamed Brown, are severally required to answer the interrogatories." The corporation has answered under its corporate seal. In its answer it states that it declines to answer the interrogatories. The plaintiff now excepts to the answer, "for that the said defendant hath not, to the best of its knowledge, and to the best of the knowledge, remembrance, information and belief of its officers and agents, answered and set forth, whether," &c.

Under the rules of equity practice established by the supreme court, a defendant is not bound to answer any interrogatories except such as, by the note at the foot of the bill, he is required to answer. In the present case, the note does not require the defendant to answer any of the interrogatories, but only requires its president and cashier, and its agent, Brown, to answer them. But the bill could be amended so as to require the defendant to answer them. Yet this would probably be of no use, for, as corporations answer under seal, and without oath, a discovery on oath could not be compelled from the corporation, except through the medium of such a discovery from its agents and officers, and by making such agents and officers parties defendant. Fulton Bank v. New York & Sharon Canal Co., 1 Paige, 311; Brumly v. Westchester Co. Manuf'g Soc., 1 Johns. Ch. 366.

Under this bill the officers and agents of the defendant cannot be compelled to answer the interrogatories under oath, because they are not defendants. The equity rules (41 to 44) clearly import that no one but a defendant can be compelled to answer the interrogatories in a bill. Officers of a corporation may be made parties defendant to a bill against the corporation, in order to obtain a discovery from such officers. Angell & A. Corp. §§ 674, 675; Story, Eq. Pl. § 235; 2 Story, Eq. Jur. § 1501.

There is nothing in Kittredge v. Claremont Bank [Cases Nos. 7,858 and 7,859], which conflicts with these views. The plaintiff can, if he desires, so amend his bill as to require the defendant corporation to answer the interrogatories. It may then answer them under its seal, and without oath. But its answer must be stated therein to be made according to the knowledge and information and belief of its officers, ascertained from all proper sources of information.

The exceptions are overruled, with costs, with leave to the plaintiff to apply on notice for permission to amend the bill by adding new parties and otherwise.