·C. C. SHACKLEFORD   VS.   MISSISSIPPI   CENTRAL· RAILROAD COMPANY.

1. RAILROAD COMPANIES: *Consolidation.* Scire facias. *Case in judgment.*
  At common law, in case of natural persons, the death of defendant in error did not abate the writ, but the case proceeded to judgment, and afterward the judgment was revived by *scire facias.* Our statute does not so extend the writ. The statute, in bringing in parties to pending suits, relates to natural persons only. Where a suit is pending against a railroad at the time it consolidates with another road, the plaintiff has the right to treat it as having a separate existence for the prosecution of his action against it. The action of the legislature authorizing, and the corporation in acting under such authorization, cannot defeat or prejudice the right of plaintiff in suits pending against it. As to such the corporation exists for the purpose of judgment; as to them it has not lost its individuality or identity. The act of the defendant cannot defeat the right of plaintiff.

ERROR to the Circuit Court of *Madison* County.

Hon. W. B. CUNNINGHAM, Judge.

Judgments were rendered in the court below and writs of error prosecuted to this court. The Mississippi Central Railroad consolidated with the New Orleans, St. Louis & Chicago Railroad Company. A *scire facias* was issued to revive the actions against the consolidated company, and the case came before the court on a motion to quash the *scire facias.*

*Harris & George,* for the motion.

*A. H. Handy* and *Shelton & Shelton,* contra.

[The arguments were oral; no briefs found in the record.]

CAMPBELL, J., delivered the opinion of the court.

Plaintiffs (in each case) had judgment against them and prosecuted writ of error to this court, which pronounced the judgments erroneous. Whereupon counsel for plaintiffs in error moved for *scire facias* to bring in the New Orleans, St. Louis & Chicago Railroad Company, which, it was suggested, had been formed by consolidation of the defendant in error and another railroad company since the rendition of the judgments in the circuit court, to receive judgment in this court on reversal of said judgments.

The New Orleans, St. Louis & Chicago Railroad Company appeared to the *scire facias* and moved to quash it, which presents the question whether a *scire facias* can be issued in such case by this court.

At common law, in case of natural persons, the death of defendant in error did not abate the writ, but the case was proceeded with to judgment as if the death had not occurred, and afterwards *scire facias* was proper to revive the judgment. 2 Tidd's Prac., p. 1164. We have no statute extending the writ of *scire facias* to such a case. Our statute for bringing in parties to pending suits relates to natural persons only. Torry *v.* Robertson, 24 Miss., 192. Therefore the *scire facias* does not lie in this case.

Plaintiffs have the right to treat the Mississippi Central Railroad Company as continuing its separate existence for the prosecution of their actions against it. It was not competent for the legislature to authorize and the corporation to so act under such authorization as to defeat or prejudice the rights of plaintiffs in pending suits against it. As to such the corporation exists for the purpose of judgment ; for as to them it has not lost its individuality or identity. No act of a defendant can defeat the right of plaintiff. At common law a *feme sole* defendant marrying after suit brought, though she lost her identity, changed her name, and merged her separate existence in that of her husband, did not necessitate the taking of any notice by the plaintiff of her change. He is entitled to judgment against her by her former name. After judgment, *scire facias* is proper to charge the husband. Roosevelt *v.* Dale, 2 Cowen, 581, and cases cited by counsel in that case. So in the case at bar.

After judgment, *scire facias* may be the appropriate remedy to charge the New Orleans, St. Louis & Chicago Railroad Company with liability, by virtue of its legal obligation to discharge the obligations of the corporations of which it is composed.

The *scire facias* is quashed.