### KELLEY v. MISSISSIPPI CENTRAL R. CO.

*(Circuit Court, W. D. Tennessee. March, 1880.)*

CORPORATION—EXTINCTION—PLEA IN ABATEMENT. Where certain persons were served with process as the representatives of an alleged corporation, the plaintiff cannot preclude them from pleading in their own names the extinction of such corporation.

*Humes & Poston,* for plaintiff.

*James Fentress* and *Wright, Folkes & Wright,* for defendants.

HAMMOND, J. The only question to be now determined is whether the persons named in the marshal's return shall be allowed to plead. The question here raised usually arises in some collateral way, and when it has been directly presented, as in this case, the courts are always beset with technical difficulties. On the one hand it is urged that a dead party cannot speak; that a non-existing thing cannot, without admitting the very question in dispute, plead in the manner it might if it did exist; while on the other hand it is said with

equal force that one not a party to a suit cannot be heard to interfere with it. In *Bronson* v. *La Crosse R. Co.* 2 Wall. 283, 292, it is said that generally other persons are not permitted to plead for a corporation, because of the inequality that would exist between the parties. The corporation not being before the court would not be bound by any judgment rendered on such pleas; but, lest there should be a reproach to the law, stockholders were permitted to plead for themselves, where the corporation had abandoned its defence and its trust.

Every corporation has officers who speak and act for it by authority of law, and process must be served on the proper officer, or the judicial proceeding is not binding. *Alexandria* v. *Fairfax*, 95 U. S. 774. Under the Tennessee Code a failure to elect officers does not dissolve corporations, and those last in office continue, and process may be served upon them; so, after dissolution, they continue for five years for the very purpose of prosecuting and defending suits. T. & S. Code, §§ 1481, 1493, 2831, 2834. If the defendant here has a qualified existence, under these provisions of the statute, there should be a plea by the corporation itself. In the absence of such statutes the tendency of modern decisions is to treat a corporation once existing as continuing to exist for the purpose of suing and being sued in winding up its affairs. *Pomeroy* v. *Bank*, 1 Wall. 23; *R. Co.* v. *Evans*, 6 Heisk. 607; *Skackelford* v. *R. Co.* 52 Miss. 159.

But we are met at the threshold with the question whether this defendant exists at all, for any purpose, as a question of fact to be ascertained in determining whether the plaintiff is entitled to a judgment by default. He insists that he has the right to take his judgment at the peril of its being void, if there be, in fact, no corporation. In England there can be no judgment by default without appearance, and if the defendant refuses to appear the plaintiff must enter appearance for him, and in doing so must make affidavit of proper service on the defendant. This may be contested by cross-affidavits, and motions to quash the service and the writ. 3 Chit. Prac. 264, 277, 280. In Alabama and other states the court will

not give a judgment by default against a corporation without a judicial finding, recited on the record, that the service has been of a character to bring the corporation into court. *Oxford Co.* v. *Spradley*, 42 Ala. 24; *Talladega Co.* v. *McCullough*, Id. 667. But we have no such reasonable requirements in Tennessee. The sheriff may simply return the process "executed," and the presumption is that it is regular and on the proper officer. Any party aggrieved has his remedy by action for a false return against the sheriff, or by bill in equity to set aside the judgment. *Wartrace* v. *Turnpike Co.* 2 Cold. 515; *Ridgeway* v. *Bank*, 11 Humph. 522; *Bell* v. *Williams*, 1 Head. 230; *Baxter* v. *Irvin*, Thomp. Cases, 175; *Gardner* v. *Barger*, 4 Heisk. 669, 671. But even in Tennessee one is not put to an action for a false return or a bill in equity to avoid a wrongful judgment. In *Graham* v. *Roberts*, 1 Head. 55, a writ against Garret Graham was served on Jared Graham, and the bill in equity of the latter to avoid the judgment was dismissed, because he did not appear to contest the judgment by default in the first instance.

In *Bank* v. *Skillem*, 2 Sneed, 698, a judgment by default was set aside in the affidavit, and in *Jones* v. *Cloud*, 4 Cold. 236–239, on the motion of one not a party to the record, and in both cases it was held not to be error. No Tennessee case has been found which shows how the alleged extinction of a corporation may be contested in a suit against it in its corporate name; and, until modified by the statutes above cited, the law was settled that upon the civil death of a corporation it could no longer sue or be sued, and could have neither officers nor stockholders; and the same would doubtless be the rule under these statutes after the five years of qualified *post mortem* existence have elapsed. *White* v. *Campbell*, 5 Humph. 37; *Hopkins* v. *Whitesides*, 1 Head. 33; *Ingraham* v. *Terry*, 11 Humph. 571; *Blake* v. *Hinkle*, 10 Yerg. 217; *Nashville Bank* v. *Petway*, 3 Humph. 522. It is said in *R. Co.* v. *Evans*, 6 Heisk. 607, that the question of extinction must be raised "by a plea in abatement, motion or other proceeding," but there is nothing to indicate by whom these may be taken. In this case, and uniformly, it is held that a

failure to make the question by some proper proceeding admits the corporate existence. The necessity, then, for some proceeding to abate the suit is obvious. If there be any appearance, except to make that contest, the matter is ended in favor of the existence, for afterwards all parties are estopped to deny it. *Muscatine* v. *Funk*, 18 Iowa, 469. The marshal cannot safely assume to determine the question and refuse to execute the writ, particularly in a case like this, where there has been a corporation which has issued bonds and built a railroad, and as to which there are outward and tangible evidences of continued existence.

The plaintiff may take a judgment at his peril, and if there be no corporation it is void, as we have seen. *Thornton* v. *Railway*, 123 Mass. 32. But I do not see that he is entitled to this as a matter of right, nor that the stockholders or others interested should be compelled to submit to such a judgment without a preliminary contest over the fact of corporate existence; because, if there be a corporation, the judgment by default is binding, and all opportunity to make other defences is gone. This throws on all interested the peril of determining the important question of existence for themselves, without the aid of judicial inquiry into the disputed facts, and is an immense advantage to a plaintiff; and it would, in my opinion, be a reproach to the law to permit it, upon any technical theory that the officers and stockholders are not parties, and therefore cannot plead in the suit. That they are not parties, even when served with process, cannot be denied. *Bronson* v. *La Crosse R. Co. supra*; *French* v. *Bank*, 7 Ben. 488; S. C. 11 N. B. R. 189; *Apperson* v. *Ins. Co.* 38 N. J. L. 272; *Blackman* v. *R. Co.* 58 Ga. 189.

How, then, can the defence be made? It is said in *Oxford Co.* v. *Spradeen*, 46 Ala. 98, that there is no precedent for a plea by a corporation of its own non-existence; that it is an inappropriate plea and an inconsistency in itself; but it is intimated in *McCullough* v. *Ins. Co.* Id. 376, that such a plea is permissible in cases of misnomer and dissolution. In *W. U. Tel. Co.* v. *Eyser*, 2 Cold. 141, Mr. Justice Belford says that such a plea by the corporation itself is not anomalous, and

is abundantly established by many respectable courts, and he concludes it is a plea in bar and may be joined with the general issue; but the majority of the court held it could be pleaded by the corporation neither in abatement nor bar; that such a plea was *felo de se*. See, also, *Gulf R. Co.* v. *Shirley*, 20 Kas. 660. Notwithstanding this, it will be found that the plea has been made by the alleged corporation itself in many cases. *Foster* v. *White Cloud*, 32 Mo. 505; *Hobich* v. *Folger*, 20 Wall. 1; *Boyce* v. *M. E. Church*, 46 Md. 359; *Greenwood* v. *R. Co.* 10 Gray, 373; *Dooley* v. *Gloss Co.* 15 Gray, 494; *Thornton* v. *Railway*, 123 Mass. 32; *Gott* v. *Adams Ex. Co.* 100 Mass. 320; *Inman* v. *Allport*, 65 Ill. 540; *Pilbron* v. *R. Co.* 5 M. G. & S. (57 E. C. L.) 440.

In Massachusetts it is held that the plea must be by the corporation, and that an officer or stockholder cannot make defence. *Townsend* v. *Freewill Baptist*, 6 Cush. 281; *Byers* v. *Franklin Co.* 14 Allen, 470; *Robbins* v. *Justices*, 12 Gray, 225. Yet in *Buck* v. *Ashuelot Co.* 4 Allen, 357, and *Foster* v. *Essex Bank*, 16 Mass. 245, the fact of non-existence was otherwise made to appear in the one case by one having no right to plead, and in the other by suggestion of counsel.

In *Callender* v. *Painesville Co.* 11 Ohio St. 516, the question was directly adjudicated. An officer, not even served with process, was allowed to file his affidavit and move to dismiss the suit, because the defendant had no corporate existence, the court holding that he was not an intruder; that a judgment against the company would be against all the members collectively, including him as an individual; and that any member, under the circumstances, might make the motion to dismiss, and be heard upon it. And in *Pilbrow* v. *Railway Co.* 54 E. C. L. 730, the right of the person served to make the defence was upheld. See, also, *Stevenson* v. *Thorn*, 13 M. & W. 149; *Stewart* v. *Dunn*, 12 M. & W. 655.

The defence was made by the persons served with process, pleading in abatement, in *Rand* v. *Proprietors*, 3 Day, 441; *Evarts* v. *Killingworth Co.* 20 Conn. 447; and *Express Co.* v. *Haggard*, 37 Ill. 465. And in *Elliott* v. *Holmes*, 1 McLean, 466, it was held that a person served with process against another

might make the defence either by such plea, or by suggestion of counsel. In *Quarrier* v. *Peabody Co.* 10 West Va. 507, it is said that a plea in abatement, by a corporation, should not be by attorney, but by the president, individually, to avoid the effects of appearance by the corporation; that a corporation should never plead in abatement in its corporate name.

Persons sued in a representative capacity, as executors, trustees, and the like, may plead that they hold no such relation. 1 Danl. Ch. 631; Story's Eq. Pl. 732. This is quite analogous to the situation of the parties here. It is true executors are parties to the writ, but only in their representative capacity; and where they plead "no such executor," it is their individual plea. So the head officer of the corporation, sued as such, may deny that he sustains that relation. *Stewart* v. *Dunn, supra.* And in *Stevenson* v. *Thorn, supra,* it was said that a person served with process is, for some purposes, at least, to be considered the defendant. And there is another analogy in the case of a judgment of outlawry, where, if the outlaw dies, the death may be pleaded by any person to release his property. 1 Tidd, 144. The defence of the non-existence of a corporation, sued as such, may also be made by an attorney in his own name, suggesting it on the record. *Greeley* v. *Smith*, 3 Story, 657; *Mumma* v. *Potomac Co.* 8 Pet. 281; *Pomeroy* v. *Bank*, 1 Wall. 23. Whether he be the attorney of the corporation must depend on whether it exists or not. If not, he must be the attorney of some one else having an interest in the matter; for a non-existing corporation cannot, in the nature of things, appoint an attorney under a common seal, and the dissolution would revoke any appointment already made.

The objections suggested against any method of making the defence come from pressing too far the doctrine that a corporation has an independent existence. This *ens rationis* called a corporation is, after all, only an incorporeal defendant, and it cannot, till its existence is established, have any independent *status* separate and apart from the personality of those composing it. To speak of it as dying is a somewhat false analogy. The law provides heirs, executors, or admin-

istrators for dead persons; but an extinct corporation must be represented by the individuals who originally composed it. They may employ attorneys, and, as a matter of fact, they are the real actors in any litigation with it. If it be alive, they must act in the corporate name; if extinct, they may so act, although it would be an inconsistency, or they may act in their own names. If sued in the corporate name, this would seem to violate the well known rule that none but parties can plead; but this results from assuming the very question in dispute in favor of the plaintiff, *i. e.*, that there is a corporation. If the quesion be assumed the other way, as the persons alleged to have a corporate existence must assume if they deny that fact, there is no difficulty in treating them as the real parties sued. The plaintiff here, by his argument, requires the court to adjudicate that a corporation does exist upon his bare allegation of the fact; and he would compel the persons supposed to constitute it to admit that fact by pleading in the corporate name, which he assumes they have. I do not think the rule of pleading relied on is so inflexible as to give the plaintiff this advantage. Either this case is an exception to it, or, for the purpose of trying this question, the persons alleged to be incorporated must be considered the real parties, notwithstanding the plaintiff's assumption of their corporate capacity.

In *Welch* v. *St. Genevieve*, 1 Dill. 130, the facts were presented by the return to a *mandamus* of individuals held to have no official connection with the corporation, and upon the suggestion of an *amicus curiæ* the question of extinction was tried. In *McGoon* v. *Scales*, 9 Wall. 23, the defence was made both by trustees not sued and the extinct corporation itself; and in *Bank* v. *Colby*, 21 Wall. 609, the motion to abate was made by a receiver.

The plaintiff having treated the persons served with process as representing the alleged corporation, he cannot preclude them from at least denying that there is such a corporation. Whether they do this in their own names or that of the alleged corporation is quite immaterial, but it seems to me

more reasonable not to pretend that there is a corporation, in order to deny that there is one.

The motion to strike out the pleas, and for judgment by default, is denied.