### SHEEHAN v. MUNICIPAL LIGHT & POWER CO. et al.

District Court, S. D. New York.
Nov. 28, 1939.

Supplemental Opinion Dec. 6, 1939.

William J. Rapp, of New York City (R. Randolph Hicks, of New York City, of counsel), for plaintiff.

Milton C. Baldridge, of New York City, for defendant Philip G. Gossler.

Simpson, Thacher & Bartlett, of New York City (Albert C. Bickford and Francis X. Fallon, Jr., both of New York City, of counsel), for defendant Harry M. Durning.

Miller, Owen, Otis & Bailly, of New York City (Harold H. Corbin, of New York City, of counsel), for defendants Consolidated Edison Co. of New York, Inc., and Manhattan-Bronx Power Corporation.

CONGER, District Judge.

Philip G. Gossler and Harry M. Durning have appeared specially and have moved to set aside the service of the summonses upon them in this action. The Marshals' returns show that Durning was served as President and a Director of the Defendant Inter-City Power Company and Gossler as the President and a Director of the Defendant Long Acre Electric Light and Power Company. In affidavits submitted by Gossler and Durning, it appears that both of them resigned and severed all their connections with these companies in April of 1924, and it is also stated that some time after the dates of the respective resignations, the companies were dissolved for non-payment of taxes.

I am satisfied that the service attempted herein is not good service upon either Inter-City Power Company and/or Long Acre Electric Light and Power Company. I am also satisfied, however, that this Court has no jurisdiction to entertain the motions. The services purported to be upon the companies, not upon the individuals, and neither Gossler nor Durning are parties named in the complaint. Only the companies defendant can contest the service. Kelley v. Mississippi Central R. Co., C.C., 1 F. 564; Crossman v. Vivienda Water Co., 150 Cal. 575, 577, 89 P. 335.

Supplemental Opinion.

This is a motion for a bill of particulars under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and, in my opinion, the defendants Consolidated Edison Company of New York, Inc., and Manhattan-Bronx Power Corporation are entitled to all the particulars which they have requested. It is asserted that all the particulars are necessary in order for the defendants to properly prepare their answers and I think that their motion should be granted in the manner set forth below.

(a) The allegation in paragraph (7) of the complaint with respect to the beneficial ownership of the stock of Long Acre Electric Light and Power Company amounts to pleading a conclusion of law. Paragraph (d) of the demand should be modified so as to require plaintiff to state generally, rather than fully, the facts under which the beneficial ownership arose and existed.

(b) The allegation in paragraph (9) of the complaint with respect to the notes with which the advances to Long Acre Light and Power Company are alleged to have been evidenced, should be amplified. Without the amplification demanded, it is easy to see how it would be difficult for the defendants to identify the particular notes. The notes are important so far as the question of the jurisdiction of this Court to entertain the original suit is concerned. If the necessary information is not known to plaintiff, she may so state.

(c) The allegation of paragraph (12) of the complaint is another example of pleading a conclusion of law, i. e. that Lasher permitted a judgment to be entered against the Long Acre Light and Power Company, and, in order to enable defendants to answer, the allegation should be supplemented by the particulars demanded.

Settle order on notice.