## DANIEL J. MORRISON *v.* AMERICAN SNUFF COMPANY.

1. **CORPORATIONS.**  *Consolidation. Assets. Liabilities. Trust funds.*

   A corporation created by the consolidation of several corporations holds the assets received from each of the constituent corporations in trust subject to the claims of the creditors of the original corporations.

2. **Same.**

   Where corporations consolidate—

   (a) The new company is liable for the debts of the old to the extent of the property received from it;

   (b) The creditors' remedy may be pursued either at law or in equity, the existence of the legal remedy, where one exists, not being exclusive;

   (c) No one of the constituent companies can give away its assets to the prejudice of its creditors; and

   (d) The new consolidated company holds the property received from the absorbed companies with notice of any trusts attaching to it in favor of creditors, and is not a *bona fide* purchaser.

3. **SAME.**  *Attachments. Garnishment.*

   A creditor of a nonresident corporation which has been consolidated into a new nonresident one may attach the new corporation at law and garnish a debt to the old company which has been transferred to the new one.

FROM the circuit court of, first district, Hinds county.

HON. ROBERT POWELL, Judge.

Morrison, the appellant, was the plaintiff in the court below; the American Snuff Company, appellee, was, after the suit had been dismissed as to another, the sole defendant there. From a verdict and judgment in plaintiff's favor for a sum much less than that demanded, he appealed to the supreme court.

The Geo. W. Helm Company, manufacturers of tobacco and snuff, entered into a contract with D. J. Morrison, a traveling salesman, for his services as salesman for the year 1900. After

this contract was made, there was a consolidation of a number of snuff manufacturing companies, including the Geo. W. Helm Company, forming the American Snuff Company, and to this corporation the Helm Company conveyed all its property, real, personal and mixed. The American Snuff Company refused to carry out the contract of the Helm Company with Morrison, and he brought this suit by attachment against the Helm Company and the American Snuff Company, as foreign corporations, and garnished Jones Bros. & Co., who answered that they owed the defendant, the American Snuff Company, a sum in excess of the amount sued for. The suit was upon an open account for wages and expenses under the contract with the Helm Company, and some other items. It was dismissed before trial as to the Helm Company. After plaintiff had introduced all his evidence and rested, defendant, the American Snuff Company, moved the court to exclude all the evidence from the consideration of the jury relative to the items in the account for salary and expenses under the contract. The court sustained this motion, to which plaintiff excepted. There were verdict and judgment for plaintiff for the remainder of the account.

*Williamson, Wells & Croom,* for appellant.

The American Snuff Company being a new company, formed by the stockholders of the Helm Company, by consolidation with it and several others, the new company's assets being all the property of the old, with its franchises, etc., is liable for the debts of the Helm Company, and by its contracts made prior to the consolidation. In view of all the circumstances shown in the record as to the manner in which the Helm Company was merged into the new corporation and wholly absorbed by it, the new company became indebted to Morrison under the contract with the old, even though there was no written assumption of the liability. The proof shows that the new company is composed of the same parties, has the same officers,

owns the same property and the same business, conducted under a new name. Can a corporation avoid its debts or liability, or its contracts by a simple change of its name and a change of its domicile?

The Helm Company was solvent when the sale to the new company took place, or when the consolidation with the new corporation was effected. The very goods sold to Jones Bros. & Co., the garnishees in this case, and for which the garnishee owed the money to the appellee, was the property of the Helm Company.

It is well settled that a creditor of an old corporation may follow the property into the hands of a consolidated company, to which it was transferred and stock therefor issued to the old stockholders. *Martin* v. *Zellerbach*, 36 Cal., 300 (21 N. E. Rep., 364; 6 N. Y. Suff., 459); *Slatterly* v. *St. Louis, etc., Co.*, 4 S. W. Rep., 179; Cook's Corporation L., 643 (2 Ed.); *Hancock* v. *Halbrook*, 3 So. Rep., 351; *Pullman, etc., Co.* v. *Rosco*, 115 U. S., 351; *Railroad Co.* v. *Hall*, 23 L. R. A., 231 and notes.

The property of the old corporation is a trust fund in the hands of the new, just as unpaid subscriptions are a trust fund for the benefit of creditors, and either may be reached by attachment and garnishment at law. Cook's Corporation Law, (2 Ed.) secs. 201, 203, note 1, and authorities cited on p. 211 and note on p. 204; *Savings Ass'n* v. *O'Brien*, 51 Hun., 45; *Freeman* v. *Winchester*, 16 Miss., 577; *Railroad Co.* v. *Boney*, 3 L. R. A., 435; *Thompson* v. *Abbott*, 61 Mo., 176 (23 L. R. A., 231.

The fact that the property of the Helm Company, in the hands of the American Snuff Company, is a trust fund for creditors of the Helm Company and has been appropriated by the new company and is mingled with its assets, is no reason in law, equity or justice, why the creditors may not proceed in law or in equity, by attachment or otherwise, to collect his debt out of any money or property of the new company,

which can be reached by the process of the court, especially where the new company is composed of the very same persons as the old.    The new company is under an implied promise to pay the debts of the old company on the same principle of law that the purchaser of property on which there is a landlord's lien, can be sued at law, in assumpsit, for the value of the property.

*Mc Willie & Thompson,* for appellee.

The statute of frauds is a complete bar to all that part of Morrison's demand which was denied him in the court below. The statute (code 1892, § 4225) provides: "An action shall not be brought whereby to charge a defendant or other party upon any special promise to answer for the debt or default or miscarriage of another person,  . . .  unless  . . .  the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some person by him or her thereunto lawfully authorized."

Morrison is estopped to claim that the Helm Company and the American Company are the same, having sued them as distinct corporations; besides the evidence shows conclusively that they were not the same, but different corporations.    It is true the Helm Company, on May 24, 1900, sold all of its property, including debts due to it, to the American Snuff Company, but there was no assumption, in the deed or otherwise, by the latter company of the former's debts.    Because the American Snuff Company purchased all the property of the Helm Company, and obtained the same subject to the rights of the creditors of the Helm Company to subject the property to their debts, it does not follow at all that Morrison, although we regard him as a creditor of the Helm Company, can maintain this suit, an attachment at law, against the American Company.    The American Company is not liable for the debts of the Helm Company, even if the property purchased can be subjected.    There is no

personal liability.   If Morrison has a right as a creditor of the Helm Company against property, it is an equitable one.   He might by a suit in equity in New Jersey obtain jurisdiction of the property and enforce ·his right against it, but he cannot make a personal obligation out of the transaction, nor can he maintain this suit.   This suit cannot be maintained, because no personal obligation of the American Company was shown. Section 147 of the constitution deprives the supreme court alone of power.   A circuit court may and should dismiss a suit for want of jurisdiction.   *Carbolineum, etc., Co.* v. *Meyer*, 76 Miss., 586.

Argued orally by *C. M. Williamson* for appellant, and by *R. H. Thompson* for the appellee.

WHITFIELD, C. J., delivered the opinion of the court.

Whether the plaintiff had any contract with the American Snuff Company, the new company formed by the consolidation of others or not, is immaterial, since he did have a valid contract with the Geo. W. Helm Company, one of the constituent corporations going to form the new consolidated company.   It seems to be conceded that the consolidation was by proper legislative authority, and the deed by which the Geo. W. Helm Company conveyed "all the property, interest and business" belonging to it to the new company fully evidences the consolidation.   It was not competent for the Geo. W. Helm Company to consolidate itself with other companies forming this new consolidated company and escape payment of the debts due from it before consolidation.   Where there has been consolidation, the new company takes, with notice, the property of the constituent companies, and is not a *bona fide* purchaser for value.   Consolidation is wholly unlike the *bona fide* sale of the assets of one corporation to another, as to which latter the true rule is stated in 1 Thomp. Corp., sec. 377.   This is a case of consolidation.   The Geo. W. Helm Company went out of exist-

ence, and conveyed everything of every kind belonging to it to the new consolidated company. The new company is not a *bona fide* purchaser. Says Judge Thompson (1 Thomp. Corp., sec. 375): "Where several corporations are united in one, and the property of the old companies is vested in the new, the latter is liable in equity for the debts of the former, at least to the extent of the property received from them; and, if it is also liable at law, the legal remedy is not exclusive. The governing principle here is that a corporation cannot give away its assets to the prejudice of its creditors, but that a court of equity will follow such assets as a trust fund into the hands of any new custodian, the same not being a creditor or *bona fide* purchaser. It is scarcely necessary to add that in such a case the consolidated corporation holds the property received from the absorbed company with notice of any trust attaching to it in favor of its creditors, and cannot claim the rights of a *bona fide* purchaser without notice." And in sec. 376 he says: "A statute which provides for a consolidation by the purchase by one company of the stock of another, and the issue of its own stock for the same, and which adds that ' the purchase herein provided for, or the surrender of the franchises, shall in no way affect the rights of the creditors of the company '—that is, of the absorbed company—give to the general creditors of such company a remedy in equity against the assets of the absorbed company in the hands of the absorbing company upon the theory of a lien, and is not limited to the vain and ideal remedy of an action at law against the absorbed company, although the existence of such company is continued for the purpose of such actions. In so holding, it was said: ' If leaving its debts unpaid, its capital, property and effects are distributed among the stockholders or transferred for their benefit to third persons who are not *bona fide* purchasers without notice; and, still more, if the corporation be dissolved or become so disorganized that it cannot be made answerable at law, then a court of equity will pursue and lay hold of such property and effects, and apply

them to the payment of what it owes to its creditors.    A
suit having that object is the most direct, if not the only
efficient, means of asserting and vindicating any right of the
creditors in such     ase as the present; and by holding that
it is not maintainable we should refuse to give any real
effect to the saving clause in the statute, if such a clause
was necessary to enable them to maintain the suit.    Cer-
tainly if, by virtue of the act, one of the contracting
companies might transfer all of its ample property and effects
out of which its creditors ought to be paid to the other and
weaker company in consideration of its admitting stockholders
of the former to become shareholders of its capital and prop-
erty thus augmented, and might then, by a sort of legal sui-
cide, slip out of existence, leaving those creditors to sue at law
the surviving company, which they have never dealt with, their
rights would be very seriously affected thereby.' ''    He also
says, in 7 Thomp. Corp., sec. 8241: ''As already seen, the con-
solidation of two or more corporations is like the uniting of two
or more rivers.    Neither stream is annihilated, but all continue
in existence.    A new river is formed, but it is a river composed
of the old rivers, which still exist, though in a different form.
So it is with a consolidated corporation.    A new corporation
is formed, but not in a sense which works a destruction of the
rights of action existing against the old one.    Independently of
statute, the better view is that the new one is liable for any debts,
obligations or rights of action of any kind existing in favor of
third persons at the time of the consolidation, and may be sued
at law or in equity to enforce such rights and obligations,
without any agreement to become so answerable, and without
any statute imposing the liability.''    Again he says (1 Thomp.
Corp., sec. 372): '' Where one corporation goes entirely out of
existence by being annexed to or merged into another corpora-
tion, if no arrangements are made respecting the property and
liabilities of the corporation that ceases to exist the surviving
corporation will be entitled to all the property and answerable

for all the liabilities of the other. The liabilities of the old corporations are enforceable against the new one in the same way as if no change had been made.''

From this clearly correct statement of the law three propositions are deducible: (1) That where consolidation has taken place, the new company is liable for the debts of the old to the extent of the property received from the old; (2) that the remedy may be pursued either at law or in equity, the existence of a legal remedy (where one exists) not being exclusive; (3) that in case of consolidation no constituent company can give away its assets to the prejudice of its creditors; and (4) that the new consolidated company holds the property received from the absorbed company with notice of any trusts attaching to it in favor of creditors, and is therefore not a *bona fide* purchaser. All these propositions have been settled by recent and abundant authority. The rule is thus stated in 6 Am. & Eng. Enc. L., 815, 818: '' When two or more corporations are consolidated into a new corporation with a new name, and the constituent corporations go out of existence, if no arrangements are made respecting their property and liabilities the consolidated corporations will be answerable for their liabilities, at least to the extent of the property acquired from the constituent corporations whose liability is sought to be enforced against the consolidated corporation.''   '' The consolidated corporation does not occupy the position of a *bona fide* purchaser for value, but takes the property subject to all claims against it which were binding upon the constituent corporation from which the property was acquired.'' In *Berry* v. *Railroad Co.*, (Kan.) 36 Pac., 725 (39 Am. St. Rep., 382), the rule is thus stated: ''All of the authorities seem to agree that, unless the statute or article of consolidation makes express provision therefor, the new corporation assumes all the liabilities of the old ones, at least in equity to the extent of the property received by it from the old corporation.'' 3 Wood, Ry. L., § 486; *Brum* v.

*Insurance Co.* (C. C.), 16 Fed., 140; *Railway Co.* v. *Ham*, 114 U. S., 587 (5 Sup. Ct., 1081; 29 L. Ed., 235).

The foundation of the liability of a consolidated corporation may rest on a statute or on an agreement either expressed or implied. If the statute does not provide that the new company shall assume the debts and liabilities of the constituent companies, and there is no expressed agreement respecting the same, the debts of the original companies follow as an incident of the consolidation, and become by implication the obligations of the new corporation. *Railway Co.* v. *Powell*, 40 Ind., 37; *Railroad Co.* v. *Hendricks*, 41 Ind., 48; *Railroad Co.* v. *Boney*, 117 Ind., 501 (20 N. E., 432; 3 L. R. A., 435); *Railroad Co.* v. *Shirley*, 54 Tex., 125. In the latter case it was said: "If neither statute nor agreement make mention of creditors, the consolidated corporation is held to have assumed the liabilities of its constituents." Jones' Ry. Secur. (2 ed.), in his note to sec. 364, quotes the following from *Railway Co.* v. *Boney*, 117 Ind., 501 (20 N. E., 432; 3 L. R. A., 435): "The rule which the authorities support seems to be that where one corporation goes entirely out of existence, by being incorporated into another, if no arrangements are made respecting the property and liabilities of the corporation that ceases to exist, the corporation into which it is merged will succeed to all its property, and be answerable for all its liabilities." And, in same case (117 Ind., 433; 20 N. E., 438; 3 L. R. A., 435), it is further said: "While it is an open question in some jurisdictions, whether or not in the absence of a statute, the debts of the original companies follow as an incident of the consolidation, and become by implication the obligations of the new corporation, it is settled in this state that the act of consolidation involves an implied assumption by the new company of all the valid debts and liabilities of the consolidated companies. *Railroad Co.* v. *Jones*, 29 Ind., 465 (95 Am. Dec., 754); *Railway Co.* v. *Powell*, 40 Ind., 37; *Railroad Co.* v. *Hendricks*, 41 Ind., 48."

In 1 Beach on Priv. Corp., sec. 343, the rule is thus stated: "The extent of the liability of the new company is at least equal to the property derived by it from each of its constituent parts, for the property of the constituent companies passes into the hands of the new company as a taker with notice charged with the payment of the debts of the old company. And equity will scrutinize with jealousy any arrangement among corporations whereby the assets of the insolvent corporation, which are a trust fund for its creditors, are turned over to another corporation, frittered away, or otherwise diverted from the creditors who have the equitable charge upon it. Conversely, however, where it is otherwise provided, by the enabling act or the contract of consolidation, the new company is not liable upon the debts of the original corporations, except so far as the property derived from each may suffice to satisfy their respective creditors. The assets of the old company may be followed in equity, as trust funds, into the hands of the new, and the new company takes with notice of the trust." This rule follows precisely the announcement of Judge Thompson, who is cited as authority for Mr. Beach's statement.

In 2 Mor. on Priv. Corp., sec. 956, the rule is thus stated: "After the consolidation of a corporation with another company, the liability of the consolidated company is substituted in the place of the liability of each of the original companies to its creditors, at least to the extent of the assets received. The consolidated company takes the assets of the original companies burdened with the obligations which these companies owed their creditors, but not with greater obligations. It cannot willfully divert these assets from the company's business, or restore the capital to the shareholders in any form, but it may deal with these assets just as the original companies could deal with them." Mr. Freeman states the rule in the same terms in his note to *McMahan* v. *Morrison*, (Ind. Sup.) 79 Am. Dec., 426, 427. A case precisely in point is *Thompson* v. *Abbott*, 61 Mo., 177, where the court say: "Now, where

one corporation goes entirely out of existence by being annexed to or merged in another corporation, if no arrangements are made respecting the property and liabilities of the corporation that ceases to exist, the subsisting corporation will be entitled to all the property, and be answerable for all the liabilities. After subdistrict No. 3 had ceased to exist, there was then no power remaining as an independent organization in its behalf to control its funds or pay off its indebtedness. Its property passed into the hands of the defendant, and when the benefits were taken the burdens were assumed. The pleadings admit that plaintiff's claim is a just and honest debt, and that the annexation took place, and that defendant obtained possession of and control over the property of the subdistrict which owed the debt. Then, manifestly, it became liable for its obligations." Mr. Beach also says, in 1 Beach Priv. Corp., sec. 350, what is precisely in point here: "A person performing labor under a contract with one of the old companies may maintain an action against the new company to recover whatever sum was due him upon his contract."

As to the remedy where the constituent company has conveyed everything that it has to the consolidated company, it is obvious that it would be a mere travesty of justice to remit the creditor to the constituent company.

The supreme court of Alabama in *Railroad Co.* v. *Branch*, 59 Ala., 130, in the passage cited *supra* from 1 Thomp. Corp., sec. 376, puts the mockery of such remitting of the creditors to the constituent corporation which had divested itself of all its property in the most emphatic terms. And, finally, Mr. Beach says, in sec. 347: "Judgment against the consolidated company on claims against one of the original corporations may be enforced by levy of execution upon the property of the latter, notwithstanding its dissolution."

From these various authorities, it is clear that the principles laid down in the outset and stated in Judge Thompson's work are in every particular correct. It is also clear, from these

authorities, on the facts of this case, that judgment should have been rendered for the appellant against the consolidated company, to be satisfied out of the property received by the consolidated company from the Geo. W. Helm Company, or the proceeds of such property coming into the possession of the consolidated company.   It is said in the brief of counsel for appellant that the very property garnished in this case was a debt due to the Geo. W. Helm Company.   If this shall turn out to be true, such debt should be condemned to pay the appellant's claim.

*Reversed and remanded.*