ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, APPELLANT, v. W. N. CONE, AS SHERIFF OF COLUMBIA COUNTY, FLORIDA, AND ANDREW BRADLEY, APPELLEES.

1. Where pending an action against it on a contract one railroad company by articles of merger and consolidation transfers the possession and use of its property to another railroad company, and judgment in such action is obtained after the merger and consolidation, an execution issued on such judgment may be levied upon property of the debtor corporation in the possession of the consolidated company.

2. Where a railroad company into which another such company has been marged brings suit to enjoin a sale by a judgment creditor of the merged company of property of the merged company in the possession of the consolidated company such creditor defendant in the original bill may bring a cross bill to subject the property of the debtor

company in the possession of the consolidated company to the payment of the judgment.

This case was decided by Division A.

Appeal from the Circuit Court for Columbia County.

## STATEMENT.

On April 21st, 1904, the appellant filed a bill in equity against the appellees in the circuit court for Columbia county in which it is alleged that the Atlantic Coast Line Railroad Company as a corporation existing under the laws of the state of Virginia, and doing business and operating a line of railroad in the state of Florida, uses certain depot property in the town of Lake City, Florida; that on or about April 10th, 1902, the Savannah, Florida and Western Railway, a corporation, "operating the line of railroad heretofore through Columbia county, Florida, and Lake City, was consolidated with and merged into and became the Atlantic Coast Line Railroad Company;" that prior to the merger and consolidation, to wit, February 10th, 1902, Andrew Bradley instituted a suit at law against the Savannah, Florida & Western Railway Company; that on October 26th, 1903, upon the trial of said case, a verdict was rendered for Andrew Bradley for $161.70 and interest, and a judgment was duly entered therefor; that the Atlantic Coast Line Railroad Company was never made a party defendant to said suit, and that the plaintiff, Andrew Bradley, elected to proceed solely against the Savannah, Florida & Western Railway Company; that the judgment in said cause was rendered long after the consolidation aforesaid; that prior to and at

the time of the merger and consolidation of said roads the Savannah, Florida and Western Railway Company owned the property situated in Columbia county, Florida, described as follows: "All those lots, pieces or parcels of land lying and being situated in the city of Lake City, in said county, and known and described as that lot bounded on the west and north by the right-of-way of the railroad now used by the Atlantic Coast Line Railroad Company, on the east by the lands of Mrs. J. S. Funk and Nellie Adkins, and on the south by lands of Mrs. E. L. Parsley, and better known as the lot on which is located the baseball park. Also that lot lying and being situated inside of the 'Y' of the railroad now used by said Atlantic Coast Line Railroad Company in said Lake City, said lot being northeast of the fair grounds;" "that by virtue of the consolidation and merger of the said Savannah, Florida & Western Railway Company and Atlantic Coast Line Railroad Company the latter became and was and is, and was at the time of the rendition of the judgment of Andrew Bradley before referred to, the sole owner in fee of the above described property;" that W. N. Cone, as sheriff, has levied upon the above described property by virtue of a certain execution issued out of the circuit court for Columbia county bearing date March 21st, 1904, in favor of Andrew Bradley and against the Savannah, Florida & Western Railway Company, and will proceed to sell same on May 2nd, 1904, unless enjoined and restrained by this court; that the Atlantic Coast Line Railroad Company has never had its day in court, and has had no opportunity to defend against the suit of Andrew Bradley, and that by reason of the fact that the title of said property was at one time in the Savannah, Florida &

Western Railway Company, a sale of said property under the execution would cast a cloud upon the title of complainant in said premises and depreciate the value thereof and place complainant "under the necessity of going to great expense, and would multiply suits and litigation;" that "under the orderly proceedings it was encumbent upon the plaintiff Andrew Bradley, in his suit against the Savannah, Florida & Western Railway Company, in order to make any judgment or execution in said suit binding upon the property of this defendant, to apply to the court "to have said Atlantic Coast Line Railroad Company substituted as a defendant therein, but that the plaintiff, Andrew Bradley, through his attorneys, failed and refused to make orator defendant, whereby and by reason whereof he lost any right to seek to assert a lien of a judgment against the Savannah, Florida & Western Railway Company upon any property of which the title vested in your orator by reason of the merger and consolidation of said Savannah, Florida & Western Railway Company." The prayer was for an injunction. A temporary injunction issued. W. N. Cone and Andrew Bradley filed an answer, which was sworn to by Bradley. Among the averments of the answer Andrew Bradley "says that whatever interest or rights said complainant has to or in any property owned by said Savannah, Florida & Western Railway Company, if any were acquired, are held, owned and controlled, if at all, by said complainant subject to the rights of this defendant, all of which complainant well knew at the time of the alleged consolidation and merger;" that it is not true that by virtue of the consolidation and merger the Atlantic Coast Line Railroad Company is and was at the time of the rendition of the judgment of Andrew

VOL. 53, JANUARY TERM, 1907.    1021

A. C. L. R. R. Co. v. Cone, Sheriff, et al.—Statement of Case.

Bradley, "the sole owner in fee simple of the above described property, and defendant avers that the said Atlantic Coast Line Railroad Company owned and was in possession of said property, if it owned it at all, as a trustee, and held the same in trust for the use and benefit of the creditors and all persons holding lawful claims against the said Savannah, Florida & Western Railway Company at the time of the alleged consolidation and merger;" that the Savannah, Florida & Western Railway Company is still an existing corporation under the laws of Florida, and was at the rendition of said judgment; that complainant had notice and knowledge of the pendency of said suit and had every opportunity to defénd any rights it had in the premises, "but said complainant elected to defend said suit in the name of the Savannah, Florida & Western Railway Company, and should not now be heard to complain;" the defendant Bradley denies that a sale of said described property under the execution would cast a cloud upon the title claimed by the complainant to said property because "defendant avers that said property was acquired, if at all, by the complainant with the burden of this indebtedness and claim resting upon it, and of which complainant had full knowledge." On the same day the defendant Andrew Bradley filed a cross bill reciting the original bill and alleging in substance that on December 2nd, 1900, the Savannah, Florida & Western Railway Company was indebted to Andrew Bradley in the sum of $161.70 for crossties; that suit was brought therefor and judgment obtained upon which execution issued and was levied upon the lands referred to; that execution sale was enjoined; that at the commencement of the action the Savannah, Florida & Western Railway Company was the owner, in fee imple, and in posses-

sion of said property that is now claimed by the Atlantic Coast Line Railroad Company; that if it now owns, is in possession and control thereof that it received and holds the same subject to Bradley's judgment and execution; that the Atlantic Coast Line Railroad Company by the "act of consolidation and merger undertook, obligated and agreed under and by virtue of the laws of Florida authorizing such consolidation and merger, became and was and is required to pay off and discharge said judgment," but has failed and refused to do so; that the injunction is in force; that on or about April 10, 1902, the said two railroad companies and their directors made and entered into an agreement in writing providing for a consolidation and merger of said two corporations; that said agreement was afterwards duly adopted by the stockholders of said corporations; that pursuant to said agreement the Atlantic Coast Line Railroad Company "undertook, covenanted, promised and agreed to receive, hold and use the said property   *   *   *   in trust for the payment of, and subject to all the obligations, debts and liabilities of the said Savannah, Florida & Western Railway Company; that said company should continue its corporate existence for the purpose of perfecting such consolidation and merger and preserving the rights of all creditors and parties or persons holding lawful claims against it, and doing all such acts and things as might be necessary therefor and in closing up its outstanding affairs;" that "the said Atlantic Coast Line Railroad Company, through its officers, agents, attorneys and servants had notice and knowledge of the pendency of said action at law at the time when the said agreement of consolidation and merger was entered into;" that the judgment and execution is and still remains unpaid and un-

satisfied. The prayer is that the Atlantic Coast Line Railroad Company be required to disclose by answer, but not under oath, the answer under oath being waived, "by what right it claims to have, use and enjoy the rights, property, &c., aforesaid; that an account be taken of the amount due Bradley "upon said judgment for interest, cost and reasonable counsel fees; * * * that the Atlantic Coast Line Railroad Company be required to disclose the terms and conditions of the alleged articles of agreement upon which is based the said consolidation and merger; that said judgment and execution * * * be decreed and held to be a valid judgment and execution, and an existing lien upon any and all property, purchases and privileges transferred from the said Savannah, Florida & Western Railway Company, to the Atlantic Coast Line Railroad Company after the commencement of the said suit that were located in Columbia county, Florida; that the said Atlantic Coast Line Railroad Company be decreed, held and deemed to be the holders and in possession of the said property, &c., transferred as aforesaid in trust for the use and benefit of Bradley for the payment of his said judgment, with the cost and counsel fees aforesaid; that the restraining order be vacated; that the property described be adjudged to be the property of the Savannah, Florida & Western Railway Company, and that the Atlantic Coast Line Railroad Company be held to have received and held said property in trust for the benefit and use of the creditors of the said Savannah, Florida & Western Railway Company, and more especially for Bradley, and that the same shall be subject to the payment of the said judgment; that the Atlantic Coast Line Railroad Company be decreed to pay off and satisfy said judgment, cost and attorneys' fees,

and that in default thereof that the said property, franchises, &c., be sold under a decree for the payment of said judgment, cost and counsel fees; that in case of sale, that the purchaser be let into possession of the said property, and for general relief.

The cross bill was demurred to upon the following grounds:

"1.    The complainant has not in and by said cross bill made or stated such a case as entitles him in a court of equity to any discovery or relief from or against this defendant touching the matters contained in the said cross bill or any of such matters.

2.    That it appears by the complainant's said cross bill that there is no privity between the complainant and this defendant to enable the complainant to call upon this defendant for the payment of any indebtedness due the complainant from the Savannah, Florida & Western Railway Company.

3.    That the complainant has not, as appears by his said cross bill, made out any title to the relief thereby prayed.

4.    The said cross bill is not based upon matter growing out of the original suit."

On October 19th, 1905, the demurrer was overruled.

On November 15th, 1905, the defendant to the cross bill filed its answer thereto in which it admits that the Savannah, Florida & Western Railway Company was doing business in Columbia county, Florida, on December 2nd, 1900, but denies that it was indebted to Andrew Bradley in the sum of $161.70, or in any other sum for crossties, or on any other account as set forth in the cross bill; admits the suit, judgment and execution and the restrain-

ing order; admits that at the commencement of Bradley's action the Savannah, Florida & Western Railway Company was the owner in fee of the property described in the cross bill and levied upon, admits that the Atlantic Coast Line Railroad Company claims ownership of said property by reason of said consolidation and merger on April 10, 1902. Defendant denies that it received and holds said property subject to complainant's judgment and execution, and avers that said judgment was not rendered against the Savannah, Florida & Western Railway Company until long after its merger into and consolidation with defendant Atlantic Coast Line Railroad Company, and that at the time of the rendition of said judgment in favor of Bradley the Savannah, Florida & Western Railway Company had ceased to exist and be operated as a going concern, or as a railroad. Defendant denies that by said act of consolidation and merger it undertook, obligated, promised and agreed to pay off and discharge the judgment of Bradley, and denies that under and by virtue of the laws of Florida authorizing said consolidation and merger it is required to pay said judgment; but admits that it has not paid judgment and that the injunction is in force. Defendant admits the consolidation and merger in compliance with the laws of Florida, "but denies that said defendant undertook, covenanted, promised and agreed to receive and hold the property and franchises of the Savannah, Florida & Western Railway Company in trust for the payment of and subject to all the obligations, debts and liabilities of said company, and denies that said company was to continue its corporate existence for the purpose of perfecting such consolidation and

C5—SC

merger and preserving the rights of all creditors, parties or persons holding lawful claims against said company. Defendant "admits that the attorneys of record for the Savannah, Florida & Western Railway Company in the case of Andrew Bradley against it, were the attorneys of the Atlantic Coast Line Railway Company at the date of the trial of said cause, but denies that the Atlantic Coast Line Railroad Company, its officers, agents, attorneys and servants had notice and knowledge of the pendency of said action at the time of the consolidation and merger." Defendant says it holds the property described in complainant's cross bill under and by virtue of articles of agreement, consolidation and merger duly executed, dated April 10th, 1902; that under and by virtue of said articles of consolidation and merger the consolidated company took the properties of both of the companies, subject to all existing mortgages or other liens thereon, but not otherwise; that at the time of the execution of said articles of consolidation no judgment had been rendered in the case of Andrew Bradley against the Savannah, Florida & Western Railway Company and no lien existed in his favor as against the said company or any of its properties. Defendant avers it has never had its day in court, and has never had a right to defend as against the claim of Andrew Bradley, and that no judgment was rendered in favor of Andrew Bradley against the Savannah, Florida & Western Railway Company until November 5, 1903, whereas said articles of consolidation and merger were executed April 10, 1902. Defendant prays that the answer be also taken as a demurrer to the cross bill.

Testimony was taken before an examiner as to the crossties of Bradley taken by the Savannah, Florida & .

Western Railway Company. A copy of the articles of consolidation and merger certified to under the great seal of this state by the secretary of state of the state of Florida as being "a true and correct copy of agreement of consolidation of the Atlantic Coast Line Railroad Company with the Savannah, Florida and Western Railway Company as filed in this office," together with a copy of the proceedings in the circuit court for Columbia county in the action of Andrew Bradley vs. the Savannah, Florida & Western Railway Company, and a certified copy of the judgment therein, were filed in evidence "without objection." The certified copy of the judgment shows that a judgment was entereed in the action in favor of Andrew Bradley against the Savannah, Florida & Western Railway Company for $161.70 and interest, and for $102.46 costs. It was agreed that the certified copy of the judgment and the copy of the contract of consolidation and merger be also used in support of complainant's bill.

On June 7, 1906, the following decree was rendered: "On this 7th day of June, 1906, this cause coming on for final hearing, upon pleadings and proofs, A. J. Henry, of counsel for said Atlantic Coast Line Railroad Company, and R. T. Boozer, of counsel for Andrew Bradley, being present, and the pleadings and proofs having been read, and the arguments of counsel having been heard and considered, and the court having duly considered the said pleadings, proofs and arguments, it is, upon consideration, adjudged, ordered and decreed as follows:

1. That the said Atlantic Coast Line Railroad Company, the complainant in the original bill filed herein, is not entitled to the relief prayed in and by its said

1028        SUPREME COURT OF FLORIDA.

A. C. L. R. R. Co. v. Cone, Sheriff, et al.—Statement of Case.

bill; that the temporary injunction awarded to the complainant, the said Atlantic Coast Line Railroad Company, against the defendant, Andrew Bradley, and W. N. Cone, of date April 26th, 1904, should be dissolved and vacated, and it is therefore adjudged, ordered and decreed that the said injunction be and the same is hereby dissolved, annulled and vacated, and that the said Atlantic Coast Line Railroad Company, complainant herein, pay all the cost of this suit as taxed by the clerk of the circuit court of this county.

2.    And the court further orders, adjudges and decrees that the equity of this cause is with the cross complainant, Andrew Bradley, and that he is entitled to the relief prayed in and by his cross bill filed herein.

3.    That the complainant, the Atlantic Coast Line Railroad Company, by merging and consolidating the said Savannah, Florida and Western Railway Company into itself, did not dissolve the said Savannah, Florida and Western Railway Company, so as to abate the suit then pending against it (Savannah, Florida and Western Railway Company) in which Andrew Bradley was plaintiff, but that the said Savannah, Florida and Western Railway Company was continued a body corporate, under the laws of Florida, for the purpose of defending this said suit; and the court also finds this is evidenced by certain papers and pleadings filed herein, and by the record showing that said Savannah, Florida and Western Railway Company was represented by counsel at the trial of said case; that it is adjudged and decreed that the said judgment, so rendered in the said suit at law, as mentioned in the bill in this case, was and is a good and valid judgmeent, now existing and unsatisfied, and

that the same is a lien upon the property, franchises and privileges merged or consolidated into the said Atlantic Coast Line Railroad Company from the said Savannah, Florida & Western Railway Company, and all property or franchises transferred or delivered by the said Savannah, Florida & Western Railway Company to the said Atlantic Coast Line Railroad Company by and through the said merger and consolidation is decreed to be held by the said Atlantic Coast Line Railroad Company, subject to the payment of the said amount shown to be due to Andrew Bradley, by the said judgment, which amount, as shown by the evidence herein filed, is as follows: Judgment, $161.70; interest to date of the execution issued as alleged in bill of complaint, $27.96, and cost of court in the said case, as taxed by the clerk thereof, $102.46, making a total due at the time of the issuance of said execution of $293.02, which includes 90 cts. for execution, to this amount being added the interest on the judgment from March 21st, 1904, of $28.56, makes the total amount due on said judgment $321.56, and that the said property, franchises, &c., are held by the said Atlantic Coast Line Railroad Company in trust for the use and benefit of the said Andrew Bradley, for the payment of the said amount above stated, $321.56.

The court further finds from the pleadings and proofs herein filed, that the said Atlantic Coast Line Railroad Company received the said property, franchises, &c., from the said Savannah, Florida and Western Railway Company, during the pendency of the said suit at law, in and by the articles of merger and consolidation, to 'assume and become responsible to pay all the debts and liabilities' of the said Savannah, Florida and Western

Railway Company, and it is decreed and ordered that
the said Atlantic Coast Line Railroad Company do pay,
within twenty days from this date, to Andrew Bradley,
or his attorneys of record, the said sum of three hun-
dred and twenty-one and 58-100 dollars, and to pay the
cost of this suit as ordered in the first paragraph of this
decree; that unless the said sums are so paid within
the said twenty days, it is ordered and decreed that
T. B. Oliver be and he is hereby appointed as special
master to have this decree executed, and as such special
master is decreed and ordered to sell, pursuant to the
requirements of the statute, the real estate described
in the bill of complaint herein, or so much thereof as
shall be sufficient to realize the said amount of $321.56,
and the cost of this court, including the cost of such sale;
that the said special master, on such sale being made,
execute a deed to each purchaser of said premises, or any
portion thereof; that in case the property so described
shall not be sufficient to satisfy and pay off the said
amounts as herein decreed to be paid, it is decreed that
the said special master shall proceed, as required by
law, to levy upon and sell any of the other property so
received by the Atlantic Coast Line Railroad Company
from the said Savannah, Florida & Western Railway
Company until the whole of the said amounts are fully
paid off and discharged; that upon the sale of any of
such property and the execution of deeds therefor, that
the purchasers thereof be let into possession of the same
by the sheriff of this county.

And the said master, out of the proceeds of such sale
or sales, shall retain his fees, disbursements and commis-
sions on said sale; that he pay the officers of this court
their cost in this suit; that he pay to the said Andrew

Bradley or his attorneys of record, the said amount of $321.56, with the interest thereon from the date of this decree to the date of sale; that the said master take receipts from the respective parties to whom he may have made payments as aforesaid, and file the same, together with his report of sale, into this court. And in case the said premises shall sell for more than sufficient to pay the said amounts so decreed, then that the said special master bring such surplus moneys into court without delay to abide the further order thereof."

An appeal was entered on June 15th, 1906, in the following words: "And now comes the complainant, the Atlantic Coast Line Railroad Company, a corporation, and enters this its appeal to the supreme court of the state of Florida, from the decree rendered in the above entitled cause bearing date of the 7th day of June, A. D. 1906, which said appeal is hereby made returnable to the first day of the January term, A. D. 1907, of the said supreme court, to convene at the city of Tallahassee, Florida, on the 8th day of January, A. D. 1907, and forthwith enter this appeal in your chancery order book as required by law."

The appellant assigns errors as follows:

"1. The court erred in overruling the complainant's demurrer to thee cross bill of the defendant and cross complainant, Andrew Bradley.

2. The court erred in and by the final decree in finding the equities of the case with the defendant and cross complainant, Andrew Bradley, and against the complainant the Atlantic Coast Line Railroad Company.

3. The court erred in dissolving the injunction granted

on the 23rd day of April, 1904, and issued on the 25th day of April, 1904.

4.   The court erred in and by its final decree wherein it is decreed that the judgment recovered by the defendant and cross complainant, Andrew Bradley, against the Savannah, Florida and Western Railway Co., on the 26th day of Oct., 1903, for $161.70, and interest and costs, was a lien on the property of the complainant.

5.   The court erred in and by its final decree in that it decreed that the complainant, the Atlantic Coast Line Railroad Company, held all the property or franchises transferred or delivered by the Savannah, Florida and Western Railway Company to it by and through 'the merger and consolidation of the two said companies is to be held by it subject to the payment of the said judgment by the said defendant, Andrew Bradley, recovered against the said Savannah, Florida and Western Railway Company in th circuit court of Columbia county, Florida, on the 26th day of October, A. D. 1906, and interest for his use and benefit.

6.   The court erred in decreeing that the complainant pay the said judgment in favor of Andrew Bradley and against the Savannah, Florida and Western Railroad Company."

*John E. Hartridge & Son* and *A. J. Henry,* for Appellant;

*Boozer & Gillen,* for Appellees.

WHITFIELD, J. (*after stating the facts*) :   It appears by the transcript that on February 10th, 1902, Andrew

Bradley brought an action in the circuit court for Columbia county against the Savannah, Florida & Western Railway Company, a corporation, owning and operating a line of railroad through Columbia county, Florida; that said company owned certain described lands in Columbia county; that on April 10th, 1902, the Savannah, Florida & Western Railway Company executed an agreement of consolidation and merger with the Atlantic Coast Line Railroad Company; that on October 26th, 1903, a judgment was rendered in the above action against the Savannah, Florida & Western Railway Company, and in favor of Andrew Bradley for $161.70 with interest and costs and expenses taxed at $102.46; that an execution issued on said judgment was levied upon the described real estate, and the same was advertised for sale; that upon a bill filed by the Atlantic Coast Line Railroad Company an injunction was issued restraining the sale. An answer and a cross bill were filed.

The contention that the demurrer to the cross bill was good because it appears that the plaintiff in the cross bill obtained his judgment against the Savannah, Florida & Western Railway Company after the merger, and therefore no lien existed on the property when the merger took place, cannot be sustained. The cross bill alleges that the Atlantic Coast Line Railroad Company received and holds the property levied on subject to the judgment and execution, and that by the act of consolidation and merger, and under the laws of Florida, the Atlantic Coast Line Railroad Company agreed and is required to pay the judgment and agreed to hold said property in trust for the payment of all obligations, debts and lia-

bilities of the said Savannah, Florida & Western Railway Company.

The consolidation and merger agreement made pursuant to law referred to in the original bill afforded sufficient privity for the bringing of the cross bill against the Atlantic Coast Line Railroad Company to subject the property received by it from the debtor company to satisfaction of the judgment. 6 Am. & Eng Ency. Law (2nd. ed.) 820; Langhorne v, Richmond Ry. Co., 91 Va. 369, 22 S. E. Rep. 159; Montgomery and West Point R. R. Co. v. Boring, 51 Ga. 582. The cross bill relates to the subject matter of the original bill and it seeks equitable relief; it is, therefore, permissible. Ledwith v. City of Jacksonville, 32 Fla. 1, 13 South Rep. 454; Griffin v. Fries, 23 Fla. 173, 2 South. Rep. 266; Price v. Stratton, 45 Fla. 535, 33 South. Rep. 644.

The cross bill alleges the judgment, the possession by the defendant of property subject to the judgment, the undertaking of the defendant to so hold the property, and that the judgment has not been satisfied. These and other allegations of the cross bill are sufficient to sustain it as against the demurrer.

The court on final hearing dissolved the injunction, and entered a decree that the Atlantic Coast Line Railroad Company do pay within 20 days the amount of the judgment rendered in the action at law against the Savannah, Florida & Western Railway Company with interest and costs, and in default thereof a sale be made of the land levied on or so much thereof as shall be sufficient to satisfy the judgment; if such land is insufficient other property received by the Atlantic Coast Line Railroad Company from the Savannah, Florida & Western Railway Company shall be sold to satisfy the

judgment. The decree also held the judgment obtained by Andrew Bradley against the Savannah, Florida & Western Railway Company to be a "lien upon all the property, franchises and privileges merged or consolidated into the said Atlantic Coast Line Railroad Company, from the said Savannah, Florida & Western Railway Company." Is this decree subject to the errors assigned on it?

Section 2248 of the Revised Statutes of 1892, section 2812 of the General Statutes of 1906, provides that "any railroad * * * company in this state shall have the power, and authority is hereby granted, to make and enter into contracts with any railroad * * * company which has constructed or shall hereafter construct any railroad * * * within this state or in another state, as will enable said companies to run their roads in connection with each other, and to merge their stock, or to consolidate with any company within or without this state, or to lease and purchase the stock and property of any other company, and hold, use and occupy the same in such manner as they shall deem most beneficial to their interests. * * * Parallel or competing lines may not consolidate their several franchises, lines or railroad or the management thereof, without special permission from the state railroad commission, and all such consolidations, or attempted consolidations, without permission as aforesaid, shall be *ultra vires*." The consolidation here is not of parallel or competing lines. The articles of agreement, consolidation and merger admitted and used in evidence for both parties by agreement show that they were executed on April 10, 1902. The agreement enumerates certain lines of railroad belonging to each of the contracting companies and includes as belonging to

the Savannah, Florida & Western Railway Company "the line of railway extending from Lake City, Florida, to its junction," &c., and provides that "said Savannah, Florida & Western Railway Company and all of its capital stock, property and franchises, are hereby merged, united and consolidated with said Atlantic Coast Line Railroad Company, and its capital stock, property and franchises, so as to form a merged, united and consolidated company, which will have, hold, possess and enjoy all and singular the said capital stocks, property and franchises of every kind whatsoever and wheresoever situated, at the date of these presents, and at the date of the consummation of this merger, union and consolidation, held, possessed or enjoyed by either of the parties hereto, or to which they are or either of them is or may hereafter be entitled either at law or in equity." Other terms of the agreement pertinent here are: "Third. The Savannah, Florida & Western Railway Company shall at any time, upon the request of the consolidated company, its successors or assigns, make or cause to be made and delivered a deed of conveyance and transfer of all and singular the property and franchises of every nature and kind whatsoever and wheresoever situated of the Savannah Company, to and into the consolidated company, its successors and assigns, and shall execute and deliver such other conveyances and transfers as may at any time become necessary or proper.

Fourth. The consolidated company shall take the property of each of companies parties hereto, subject to all existing mortgages or other liens thereon, including the consolidated mortgage of the Savannah Company, dated April 1, 1902, which has been executed and delivered but not yet recorded, and under which $12,451,000

of four per cent. bonds have been issued and are a charge upon the property therein described, and the consolidated company shall and does assume and become responsible to pay all the debts and liabilities of each of the companies parties hereto, to the same extent as, but to no greater or other extent, than said parties are each respectively bound and liable to pay such debts and liabilities."

The original bill for injunction alleges that by virtue of the consolidation and merger the Atlantic Coast Line Railroad Company became the sole owner in fee simple of the property levied upon. The answer of Andrew Bradley under oath, the oath not being waived, contains the usual general denial and it also specifically · denies that the Atlantic Coast Line Railroad Company, by virtue of the consolidation and merger, was or is the owner in fee simple of the property referred to, and avers that if the Atlantic Coast Line Railroad Company owns said property it is as a trustee, and holds the same in trust for the benefit of the creditors and all persons holding lawful claims against the Savannah, Florida & Western Railroad Company at the time of the consolidation and merger. By the articles of consolidation and merger the capital stock, property and franchises of the Savannah, Florida & Western Railway Company are merged, united and consolidated with the capital stock, property and franchises of the Atlantic Coast Line Railroad Company so as to form a merged, united and consolidated company, which will have, hold, possess and enjoy all and singular the said capital stock, property and franchises of every kind whatsoever and wheresoever situated, at the date of the agreement, consolidation and merger, held, possessed or enjoyed by either company.

The articles further provide that the consolidated company shall take the property subject to all existing mortgages and other liens, and that the consolidated company assumes all debts and liabilities of the two companies and that the Savannah, Florida & Western Railway Company shall at any time upon request of the consolidated company make or cause to be made and delivered to it a deed of conveyance and transfer of all and singular its property and franchises. The articles of consolidation contain no words of conveyance and there is no showing that such a deed of conveyance and transfer has been made, therefore, so far as it appears from the record, the Savannah, Florida & Western Railway Company has the legal title to the property levied upon by virtue of the judgment and execution against the Savannah, Florida & Western Railway Company in favor of Andrew Bradley. By virtue of the agreement of consolidation and merger the Atlantic Coast Line Railroad Company took and held possession of and used the property, but the legal title to the property was not conveyed or transferred by such agreement, nor did the consolidation or merger relieve the property from liability to the execution issued on a judgment against the company holding the legal title to the property even if the equitable title, if any, of the Atlantic Coast Line Railroad Company to the property could be subjected in equity to the payment of the judgment.

The articles of consolidation and merger did not destroy the corporate existence of the Savannah, Florida and Western Railway Company sa as to affect the suit of Andrew Bradley. See Rev. Stats. of 1892, section 2153; Shackleford v. Mississippi Cent. R. R. Co., 52 Miss. 159;

3 Purdy's Beach on Private Corp., section 1274; 2 Elliott on Railroads, sections 335, 338; 6 am. & Eng. Ency. Law (2nd ed.) 822; 10 Cyc. 311.

The sworn answer of Andrew Bradley to the original bill is sustained by the articles of consolidation and merger filed by both parties, and the answer is not overcome by other evidence. So far as appears from the record the legal title to the property levied upon is in the Savannah, Florida and Western Railway Company, and it was subject to the execution issued on a judgment rendered against said company in the action by Andrew Bradley. This being so, the injunction was properly dissolved.

The cross bill was brought to subject the property of the Savannah, Florida & Western Railway Company, in the possession of the Atlantic Coast Line Railroad Company, to the judgment rendered against the former company in favor of Andrew Bradley. The cross bill alleges that if the Atlantic Coast Line Railroad Company now owns and is in possession and control of the said property, capital stock, franchises and privileges, that it received and holds the same subject to Bradley's judgment and execution; that the Atlantic Coast Line Railroad Company, in and by said act of consolidation and merger, undertook, obligated, promised and agreed, and under and by virtue of the laws of Florida authorizing such consolidation and merger, became and was and is required to pay off and discharge said judgment; that pursuant to said agreement of consolidation and merger the Atlantic Coast Line Railroad Company undertook, covenanted, promised and agreed to receive, hold and use the said property, franchises, &c., in trust for the pay-

ment of, and subject to all the obligations, debts and liabiliities of the said Savannah, Florida & Western Railway Company. The answer of the Atlantic Coast Line Railroad Company to the cross bill, not sworn to, the oath being waived, admits that at the time of the commencement of the action by Andrew Bradley against the Savannah, Florida & Western Railway Company said company was the owner in fee of the property levied upon, and admits that the Atlantic Coast Line Railroad Company claims ownership of said property by reason of the consolidation and merger, but denies that it received and holds said property subject to Bradley's judgment and execution; admits the consolidation and merger, but denies that said defendant undertook, covenanted, promised and agreed to receive and hold the property and franchises of the Savannah, Florida & Western Railway Company in trust for the payment of and subject to all of the obligations, debts and liabilities of the Savannah, Florida & Western Railway Company; and says it holds the property described under and by virtue of articles of agreement, consolidation and merger entered into on April 10, 1902, as aforesaid, by which consolidation and merger the consolidated company took the properties of both companies subject to all existing mortgages or other liens thereon, but not otherwise.

The legal title to the property did not pass to the Atlantic Coast Line Railroad Company by the articles of consolidation and merger. The consolidated company is not by the articles of merger a purchaser for value and without notice of the property of the Savannah, Florida & Western Railway Company, but it takes the property subject to the liens against it and also subject

to the claims of lawful creditors of the latter company. The articles of consolidation and merger expressly make the property taken thereunder by the Atlantic Coast Line Railroad Company subject to the liens existing on it. The law makes the property so taken subject to all liabilities of the company to which it belonged. The consolidated company here assumed all such liabilities by the merger contract. The assets of the surrendering company may be followed in equity as trust funds, into the possession of the consolidated company which takes with notice of the trust and not as a purchaser for value and without notice. 3 Purdy's Beach on Private Corporations, section 1287; Montgomery & West Point R. R. Co. v. Branch, 59 Ala. 139; Noyes on Intercorporate Relations, section 79; Morrison v. American Snuff Co., 79 Miss. 330, 30 South. Rep. 723; Harrison v. Union Pac. Ry. Co., 13 Fed. Rep. 522.

The judgment obtained by Bradley in his action was not against the Atlantic Coast Line Railroad Company on its liability under the consolidation agreement for the indebtedness of the Savannah, Florida & Western Railway Company; but the action was brought against the latter company before the consolidation, and so prosecuted to judgment after the consolidation. The transcript shows that after the consolidation the Atlantic Coast Line Railroad Company, by the same counsel who represented the Savannah, Florida & Western Railway Company in the action, asked leave of the court to file a plea in abatement, the purpose of which was the substitution of the former company, in place of the latter company, as the defendant in the action brought by

66—SC

Andrew Bradley, but the court denied the application. The creditor had a right to proceed against the debtor company. 6 Am. & Eng Ency. Law (2nd ed.) 1822; 10 Cyc. 309.

The Atlantic Coast Line Railroad Company, by virtue of the consolidation and merger, claims the ownership in fee simple of the property levied on, discharged of the indebtedness of Andrew Bradley, which had not been reduced to judgment so as to be a lien at the time of the merger. The articles of consolidation and merger put in evidence by both parties to this suit show the legal title to the property did not pass to the Atlantic Coast Line Railroad Company under the merger agreement, and that the liability assumed by the latter company was not confined to liens, but extended to all the liabilities of the Savannah, Florida & Western Railway Company. As to the liability for debts in cases of consolidation, see Bloxham v. Florida Cent. & P. R. Co., 35 Fla. 625, 17 South. Rep. 902; Morrison v. American Snuff Co., 79 Miss. 330, 30 South. Rep. 723; Compton v. Wabash, St. L. & P. Ry. Co., 45 Ohio St. 592. 16 N. E. Rep. 110; 18 N. E. Rep. 380; 6 Am. & Eng. Ency. Law (2nd ed.) 815, 822; Langhorne v. Richmond City Ry. Co., 91 Va. 369, 22 Southeastern Report 159.

There is no contention that the Atlantic Coast Line Railroad Company is not under the consolidation and merger liable for the debts of the Savannah, Florida & Western Railway Company; but it is contended that the former company should have been made defendant in the action brought by Andrew Bradley in which the judgment now sought to be enforced was obtained. This might be true in order to impose a direct liability on the

Atlantic Coast Line Railroad Company, but the cross bill does not seek to do this. Andrew Bradley had a right to proceed against the Savannah, Florida & Western Railway Company for its debt to him. Having obtained a judgment against the latter company Bradley has a right to subject the property of the company to the satisfaction of the judgment. This he seeks to do by the execution and by the cross bill. The purpose of the cross bill and the effect of the decree are not to impose upon the Atlantic Coast Line Railroad Company a liability for the judgment, but to subject the property in its possession belonging to the Savannah, Florida & Western Railway Company to the satisfaction of the judgment. So far as appears by this record the Savannah, Florida & Western Railway Company has the legal title to, and a beneficial interest in, the property, and it can be sold under the execution to satisfy the judgment. Whatever interest the Atlantic Coast Line Railroad Company acquired in the property by virtue of the articles of consolidation and merger, it was subordinate to the claims of the creditors of the Savannah, Florida & Western Railway Company, the former company not being a purchaser for value and without notice. It if be true that such interest cannot be sold under execution it may be subjected in equity to the payment of the judgment, and this is all the cross bill and decree purport to do.

The decree does not adjudicate a liability against the Atlantic Coast Line Railroad Company, but directs that company to pay the judgment obtained against the Savannah, Florida & Western Railway Company, and in default thereof the property of the latter company in the possession of the former company shall be taken to sat-

isfy the judgment. As to this proceeding the Atlantic Coast Line Railroad Company has had its day in court. It demurred to and answered the cross bill upon which the decree is based and participated in the taking of testimony and the final hearing. The allegations of the cross bill that the property of the Savannah, Florida & Western Railway Company in the possession of the Atlantic Coast Line Railroad Company is subject to the judgment obtained by Andrew Bradley against the former company are sustained by the articles of consolidation and merger introduced in evidence by both parties. The Atlantic Coast Line Railroad Company claims title to the property by virtue of the consolidation and merger, and the articles of consolidation and merger do not sustain the claim as to the legal title. If the Atlantic Coast Line Railroad Company acquired any title by virtue of the articles of consolidation and merger and by taking possession of the property thereunder with a right to call for a conveyance of the legal title, such title was an equitable one and it is subject to the judgment of Andrew Bradley against the Savannah, Florida & Western Railway Company, therefore the decree so subjecting the property is not in that respect erroneous.

The right of Andrew Bradley to have an execution issued on his judgment levied on the lands in Columbia county, the legal title to which was in the judgment debtor, the Savannah, Florida & Western Railway Company, is given by statute. See 2 Freeman on Executions, section 173. He also had a right to proceed in equity to have the equitable or other title claimed by the Atlantic Coast Line Railroad Company to the property subjected

to his judgment, particularly if the legal remedy is inadequate. Of course he can have only one satisfaction of his judgment. Vicksburg & Y. C. Tel. Co. v. Citizens' Tel. Co., 79 Miss. 341, 30 South. Rep. 725; Noyes on Intercorporate Relations, section 87; 10 Cyc. 308; Harrison v. Arkansas Valley Ry. Co., 4 McCrary (U. S. C.) 264; 1 Freeman on Executions, section 125a.

No property to which the Atlantic Coast Line Railroad Company has the legal title was levied on, and no cause is shown to invalidate the levy of the execution on the particular property of the Savannah, Florida & Western Railway Company, even though such property is in the possession of the Atlantic Coast Line Railroad Company by virtue of the merger and may be subjected in equity to the payment of the debts of the Savannah, Florida & Western Railway Company.

The decree is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.