HORTON, Chief Judge.
This is an interlocutory appeal from a post decretal order in a divorce action, wherein the chancellor adjudicated certain arrearages and costs to be owed by the appellant to the appellee, entered judgment for said sums, directed execution thereon and in addition, adjudicated the appellant to be in contempt and sentenced him to a period of ninety days.
The proceedings which gave rise to this appeal developed as a result of a petition for the rule to show cause filed by the ap-pellee wife alleging that the appellant was delinquent in the payment of certain weekly alimony and support monies provided for in the final decree of divorce. The petition alleged that instead of the sum of $250 per week required by the final decree, the appellant had paid only the sum of $100 per week, and that as a result of such delinquency, there was an arrearage due the appellee of $1,900, as well as $673.30 costs adjudicated by the decree, all of which appellant had willfully refused to pay. The petition further charged that the appellant had fled the jurisdiction of the court, was willfully remaining outside the jurisdiction and paying only such sums due under the decree as he was willing to pay. A rule to show cause was issued upon said petition directed to the appellant to appear on a day certain before the court and show cause, if any he had, why he should not pay the sums required by the final decree or why he should not be adjudged in contempt. The rule to show cause directed *59 that a copy be served upon the appellant’s counsel of record in the cause. It should he observed at this point that the final decree of divorce, the basis upon which the alleged amounts set up in the petition for rule to show cause were claimed, was under appeal to this court by the appellant at the time the rule to show cause was issued, but enforcement of the decree had not been stayed or superseded.
The rule to show cause was apparently served on appellant’s counsel of record, and on the day set for the hearing, appellant’s counsel appeared before the chancellor and indicated that he did not know the whereabouts of the appellant. Counsel for the ap-pellee informed the court that the appellant was then in the State of Texas and from aught that appears in this record, that fact is not questioned.
The appellant at the time of the hearing on the rule to show cause appeared specially and moved to dismiss the rule and to quash the purported service of the rule upon appellant’s counsel. The court struck these pleadings on behalf of the appellant and entered the order now under appeal.
The appellant contends that the court lacked jurisdiction over him sufficient to warrant an adjudication of contempt or for any other purposes growing out of the issuance of the rule to show cause. This contention seems to be based upon the theory that personal service of the rule was not had upon the appellant. This contention is without merit because the attorney was continuing his representation of the appellant by prosecuting his appeal. See Ginsberg v. Ginsberg, Fla.App.1960, 122 So. 2d 30, at page 32.
Another issue raised by appellant is the propriety or authority of the chancellor to enter a money judgment and also adjudicate the appellant guilty of contempt for failure to pay the sums adjudged in arrears. The exact question has never, to our knowledge, been decided by an appellate court in Florida. This question was before the Supreme Court of Florida in Satterfield v. Satterfield, Fla.1949, 39 So.2d 72, but that court declined to answer it and decided the case on another issue. In Hardy v. Hardy, Fla.App.1960, 118 So.2d 106, the District Court of Appeal, First District, in concluding its opinion of reversal and remand, inter alia indicated that the chancellor should enter either a judgment for support arrearages or a decree of contempt for failure to pay such arrear-age or such other decree of enforcement as would be proper. In spite of the language used in the Hardy case, the question under consideration does not appear to have been raised or argued; consequently, we do not think those statements in the Hardy case would be binding precedent here. A court of equity has many methods at its disposal to enforce its decrees, and nowhere have we been able to find where the use of these methods was required to be in the alternative. It is the satisfaction of the decree and not the method pursued that is paramount. There may be more than one remedy of enforcing a judgment or decree, but there can be only one satisfaction. See 19 Fla.Jur., §§ 526, 537; 17 Am.Jur., Divorce & Separation, § 804. In the instant case, the order appealed should be modified to include a finding of the amount by which the appellant was in default at the time of the order and to provide that he may purge himself and be released upon paying or causing said sum to be paid and that upon such payment, the judgment stand satisified. Orr for Use and Benefit of Walton v. Orr, 141 Fla. 112, 192 So. 466; Dykes v. Dykes, Fla.App.1958, 104 So.2d 598.
We have considered the other contentions raised by the appellant but find them to be without merit.
The order appealed is affirmed, but the cause is remanded with directions to modify the order as indicated.
It is so ordered.
PEARSON and CARROLL, CHAS., JJ., concur.