DEKLE, Justice.
This cause is before us on a petition for writ of certiorari seeking review of an order entered by the District Court of Appeal, Third District (unreported), which creates a decisional conflict with the prior decision of this Court in Atlantic Coast Line RR Co. v. Cone, 53 Fla. 1017, 43 So. 514 (1907), and a decision from the same district court of appeal in Ginsberg v. Ginsberg, 123 So.2d 57 (Fla.App.3d 1960). Our jurisdiction derives from Article V, § 3(b)(3) (1973), F.S.A.[1]
*264 The essential facts for our certiorari review are as follows: The trial court entered a summary judgment in favor of plaintiff, respondent herein, for past due installment payments, $114,027.04, on conditional sales contracts involving 214 copying machines. A few days later, the trial court in a second summary judgment in re-plevin also granted plaintiff immediate possession of the machines. From these adverse summary judgments defendants, petitioners herein, appealed these rulings to the Third District.
Subsequently, the trial court granted plaintiff’s motion for supplementary proceedings and ordered defendants to appear and give testimony concerning their property and financial affairs in aid of execution. Defendants’ appeal from this post-judgment order is pending before the district court also, along with the appeal relating to the trial court’s earlier orders granting a summary money judgment for $114,027.04 plus a summary judgment allowing replevin.
During the pendency of their appeals defendants moved in the trial court for a su-persedeas bond pursuant to F.A.R. 5.9 and for a stay of the supplementary proceedings, which were denied.[2] Defendants then filed two motions in the district court to stay the supplementary proceedings and review the lower court’s order denying su-persedeas. As a basis for said motions, defendants alleged that plaintiff sold 156 of the 214 copying machines for approximately $90,000 and that the remaining unsold machines have a market value of approximately $35,000. This latter sum of $35,000 coupled with the $90,000 received from the sale of the 156 machines more than equals the amount of the plaintiff’s summary money judgment, i. e., $114,027.04. Even though defendants did not refute these allegations, the" motions for a stay and to review the order refusing supersedeas were denied in the unreported short-form order before us for review. We do not reach the merits of the appeals, presently under consideration by the district court.
The district court’s order before us conflicts with our prior decision in Atlantic Coast Line RR Co. v. Cone, supra, holding that a judgment creditor “can only have one satisfaction of his judgment”. This universal rule, quite naturally, was designed to prevent a judgment creditor from receiving a greater satisfaction than due him under his judgment. In this connection, we recognize that there may be more than one remedy for enforcing a judgment.[3] But whenever a judgment creditor is likely, as here, to acquire more than one satisfaction of his judgment before the appeal or appeals are finalized, the trial judge must, upon motion, enter a supersedeas order which by definition stays all proceedings pending the disposition of the appeals. Otherwise, the judgment creditor could in all likelihood recover a satisfaction greater than his judgment contrary to the long-standing rule in Atlantic Coast Line RR Co. v. Cone, supra.
Under the circumstances here, a su-persedeas and a stay of the supplementary proceedings should have been ordered. By selling 156 of the 214 copying machines for approximately $90,000 and possessing the remaining 58 machines with a market value of at least $35,000, the judgment creditor could sell those 58 unsold machines for their market value and thereby recover a satisfaction greater than his money judgment before the pending appeals are resolved. This possible result cannot be indulged. A supersedeas is clearly required in this factual situation, with a stay of the trial proceedings.
Accordingly, the order of the District Court of Appeal, Third District, denying *265 such relief is quashed and the cause is remanded with directions to remand to the trial court for the entry of an appropriate order fixing the amount and conditions of a supersedeas bond as provided for in F. A.R. 5.9, 32 F.S.A., thereby providing for the stay herein sought.
It is so ordered.
CARLTON, C. J., and ROBERTS, BOYD and McCAIN, JJ., concur.

. The Third District’s decision in Ginsberg v. Ginsberg, 123 So.2d 57 (Fla.App. 3d 1960), could be used, if necessary, as the sole basis for invoking our con-fict jurisdiction inasmuch as the new Article V, which became effective Jan. 1, 1973, permits a constitutional conflict between decisions of the same district court of appeal.

. The trial court did stay the supplementary proceedings as to defendant Laurine Factor. So, Mrs. Factor has no direct interest in the aspect of this matter concerning a stay of supplementary proceedings in aid of execution.

. Ginsberg v. Ginsberg, 123 So.2d 57 (Fla.App.3d 1960).